14230-00116-MJB
***MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN***
By:  Matthew J. Behr, Esquire
200 Lake Drive East, Suite 300, Cherry Hill, NJ 08002
Attorney for Defendant, Camden County Prosecutor's Office

```
                IN THE UNITED SATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW JERSEY
                          (Camden Vicinage)
```

| IN RE CAMDEN POLICE CASES | MASTER DOCKET NO. 11-CV-1315 (RBK/JS) |
|---|---|
| ALANDA FORREST<br>         Plaintiff,<br><br>vs.<br><br>CITY OF CAMDEN; CITY OF CAMDEN POLICE DEPARTMENT; CAMDEN COUNTY; CAMDEN COUNTY PROSECUTOR'S OFFICE; STATE OF NEW JERSEY OFFICE OF THE ATTORNEY GENERAL; POLICE OFFICER KEVIN PARRY; POLICE OFFICER ROBERT BAYARD; POLICE OFFICER ANTONIO FIGUEROA; POLICE OFFICER JASON STETSER; POLICE OFFICER DANIEL MORRIS; JOHN DOES (1-10), all individually and in their official capacities as police officers,<br>         Defendants. | C.A. NO:  09:cv-1555-RBK-JS |

**BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM**

On the Brief:  Matthew J. Behr, Esquire

**Table of Contents**

                                                                **Page**

I.   INTRODUCTION............................................. 1

II.  FACTUAL AND PROCEDURAL BACKGROUND......................... 2

III. LEGAL ARGUMENTS.......................................... 3

  A.  STANDARD OF REVIEW...................................... 3

  B.  THE DEFENDANT IS ENTITLED TO SOVEREIGN IMMUNITY.......... 6

  C.  DEFENDANT IS NOT PERSONS WITHIN THE MEANING OF 42 U.S.C. §
      1983................................................. 11

  D.  THE DEFENDANT IS ENTITLED TO PROSECUTORIAL IMMUNITY...... 13

IV.  CONCLUSION............................................... 16

**TABLE OF AUTHORITIES**

**FEDERAL CASES**

**No table of authorities entries found.No table of authorities entries found.No table of authorities entries found.No table of authorities entries found.No table of authorities entries found.**No table of authorities entries found.

I.  **INTRODUCTION**

Plaintiff Alanda Forrest alleges that the Camden Prosecutor Warren Faulk (hereinafter referred to as ("the Prosecutor") violated his civil rights pursuant to 42 U.S.C. § 1983. Count X of the Fourth Amended Complaint sets forth a claim for unconstitutional official policy and failure to supervise and train against defendant, Warren Faulk. In particular, paragraph 62 alleges that failure to supervise, train, discipline sets unconstitutional customs, practices and/or policies, amounting to gross negligence, deliberate or intentional misconduct and were the moving force behind plaintiff's arrest, prosecution and incarceration and approximately and directly caused the injuries and damage as set forth above. As a result, this Motion to Dismiss assumes that plaintiff's cause of action is solely premised upon 42 U.S.C. § 1983.

First, all claims against must be dismissed because the Prosecutor is an arm of the State of New Jersey and thus all claims are barred by the Eleventh Amendment. Second, because the Prosecutor himself is not a "person" within the meaning of the statute plaintiff does not have a viable claim. Third, the Prosecutor himself enjoys prosecutorial immunity for all of his alleged actions and thus defendant's motion to dismiss must be granted.

Based on all of the following reasons, plaintiff Forrest's Complaint must be dismissed in its entirety as to this moving Defendant, the Prosecutor.

II.   **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Forrest was arrested on July 1, 2008 in Camden, New Jersey and charged with drug offenses.  See Exhibit "A", Plaintiff's Fourth Amended Complaint. Plaintiff also alleges that the officers knocked plaintiff down to the floor and continued to beat her until she passed out.  See Exhibit "A".  Plaintiff was convicted and sentenced to jail for three years and served time in jail from July 1, 2008 to January 6, 2010, when the plaintiff was released and the conviction vacated.  See Exhibit "A".

On or about January 3, 2011, plaintiff filed the first Amended Complaint alleging violations of his civil rights pursuant to 42 U.S.C. § 1983 as well as violations of the New Jersey State Constitution.  The Court held a case management conference on November 15, 2010 relating to a number of cases similar to this one in which plaintiffs allege violations of civil rights stemming from their arrests and subsequent dismissals of their cases.  At that time, Judge Schneider issued an order that all defendants served must file responsive pleadings no later than January 14, 2011.  The


Prosecutor/Prosecutor's Office moved to dismiss those complaints with which they had been served and which assignment was given to this law firm. Motions to Dismiss were filed pursuant to Fed. R. Civ. P 12(b)(1) and 12(b)(6).

Plaintiff filed her Fourth Amended Complaint and Jury Demand on or about January 5, 2011. On May 12, 2011, this Law Firm received the assignment to represent the Prosecutor in regard to the above entitled matter.

This Defendant now moves to dismiss Plaintiff's Complaint with prejudice pursuant to Fed. R. Civ. P 12(b)(1) and 12(b)(6).

### III. LEGAL ARGUMENTS

#### A. STANDARD OF REVIEW

Defendant respectfully submits that this matter should be dismissed as this court lacks subject matter jurisdiction. Pursuant to Fed. R. Civ. P. 12(b)(1), the defense of lack of subject matter jurisdiction may be made by motion. Accordingly, '[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.' Fed. R. Civ. P. 12(h)(3). When presented with a motion to dismiss under Rule 12(b)(1), "a court must determine if it has the subject matter jurisdiction - i.e., the authority - to consider the attacked claim." Tobin v. United States, 170 F. Supp. 2d 472, 475 (D.N.J. 2001) (citations

omitted). Whenever jurisdiction is challenged, the burden of proof rests on the party asserting that jurisdiction exists. Id. at 476.

In reviewing whether a substantial federal claim has been asserted, 'the court may consider and weigh evidence outside the pleadings to determine if it has jurisdiction.' Mortenson v. First Fed. Sav. And Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). In addition, as noted by the Third Circuit Court of Appeals in Gould Electronics, Inc. v. United States, 220 F.3d 169 (3d Cir. 2000), a motion to dismiss for lack of subject matter jurisdiction predicated on the legal insufficiency of a claim may be granted if the claim 'clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial and frivolous.' Id. at 178 (quoting Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.3d 1406, 1409 (3d Cir. 1991)).

Additionally, Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss all or part of an action for failure to state a claim upon which relief can be granted. In ruling on a 12(b)(6) motion, the court must accept as true all well pleaded factual allegations, and must draw all reasonable inferences in favor of the plaintiff. Doe v. Delie, 257 F.3d 309, 313 (3d Cir. 2001). Thus, a court may grant the motion "only if it is clear that no relief could be granted under any

4

set of facts that could be proved consistent with the allegations." Id.  However, the court "need not credit the non-movant's conclusions of law or unreasonable factual inferences." Curay-Cramer v. The Ursuline Academy of Wilmington, Delaware, Inc., 450 F.3d 130 (3d Cir. 2006) (citations omitted).  Thus, claims should be dismissed under Rule 12 (b) (6) when "it appears beyond doubt that the Plaintiff can prove no set of facts in support of her claim which would entitle her to relief." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996).

There are two working principles underlying the motion to dismiss standard.  First, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009).  Instead, the legal conclusions "must be supported by factual allegations" in order to be "entitled to the assumption of truth." Id. at 1950.

Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. See also Bell Atlantic Corp. v. Twombly, 550 U. S. 544, 570 (2007).  Whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense. Id.  A claim is plausible on its fact when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the

5

defendant is liable for the misconduct alleged." Id. at 1949 (citing Twombly, 550 U.S. at 556). This standard is not a probability requirement, but it "asks for more than a sheer possibility that defendant has acted unlawfully. Id. When the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not shown-that the pleading is entitled to relief." Id.

The Court of Appeals for the Third Circuit has held, in the context of such as the instant 42 U.S.C. § 1983 civil rights action, that the Twombly pleading standard applies. See Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008).

B. **THE DEFENDANT IS ENTITLED TO SOVEREIGN IMMUNITY**

The Eleventh Amendment to the U.S. Constitution prohibits federal jurisdiction over lawsuits brought by individuals against a State, unless the State has consented to such jurisdiction. See U.S. Const. amend. XI; See also College Savings Bank v. Florida Prepaid Postsecondary Ed. Expense Bd., 527 U.S. 666, 669 (1999). The Eleventh Amendment states:

> The Judicial power of the United States
> shall not be construed to extend to any suit
> in law or equity, commenced or prosecuted
> against one of the United States by Citizens

>   of another State, or by Citizens or Subjects
>   of any Foreign State.

Id.  The State of New Jersey has never waived its sovereign immunity in the federal courts.  In fact, the passage of the New Jersey Tort Claims Act by the legislature only re-established the State's sovereign immunity.  See N.J. Stat Ann. §§ 59:1-1 to 59:12-3.  Accordingly, the Eleventh Amendment acts as a jurisdictional bar to the federal courts regarding claims against the State.  College Sav. Bank, 527 U.S. at 669; Seminole Tribe of Florida v. Florida, 517 U.S. 44, 54 (1996) (The "presupposition" is that each state is a sovereign entity in the federal system, and that a state is not subject to suit in federal court by an individual without its consent).

Additionally, the type of relief sought by a plaintiff is irrelevant to the question of whether the suit is barred by the Eleventh Amendment.  A suit against the State or State officials is barred if the decree would operate against the sovereign. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 101 (1984).  The Supreme Court in Pennhurst held that a suit is against the State if the judgment would be paid out of the state treasury or would interfere with government administration.  Id. at 102.  Likewise, if the judgment operates to compel the state to act or to restrain it from acting, the suit is against the sovereign.  Id.

Not only does the Eleventh Amendment generally prohibit federal courts from hearing suits brought by private citizens against a State government without that State's consent, but the State's immunity extends to the State's agencies and State officers who act on behalf of the State as well. <u>Natural Resources Defense Council v. California Dept. of Transp.</u>, 96 F.3d 420 (9th Cir. 1996).

In this Circuit, Courts evaluate the following factors to determine whether the government agency is an "alter-ego" or "arm of the state" for purposes of the Eleventh Amendment: (1) whether payment of a judgment resulting from the suit would come from the state treasury; (2) the status of the entity under state law; and (3) the agency's degree of autonomy. <u>Fitchik v. New Jersey Transit Rail Operations, Inc.</u>, 873 F. 2d 655, 659 (3d Cir. 1989).

In <u>Wright v. State</u>, 778 A.2d 443 (N.J. 2001), the New Jersey Supreme Court determined that the State of New Jersey is financially responsible for claims and liabilities against County Prosecutors, their Offices, and their staff, arising out of their execution of their law enforcement responsibilities. Thus, the Supreme Court concluded that for purposes of the Eleventh Amendment, the County Prosecutors office and their staff are considered an "alter-ego" or "arm of the state" for sovereign immunity purposes. <u>Id.</u> In reaching this conclusion,

8

the Court was guided by the Third Circuit's decision in <u>Coleman v. Kaye</u>, 87 F.3d 1491 (3d Cir. 1996), which held that when Prosecutors "execute their sworn duties to enforce the law by using all the tools lawfully available to them to combat crime, they act as agents of the State."  <u>Id.</u> at 1499.

Following the Court's decision in <u>Wright</u>, the Third Circuit Courts have consistently and uniformly held that the Eleventh Amendment precludes federal suits against County Prosecutors and their Offices arising out of their law enforcement functions, since the real party in interest in such suits is the State of New Jersey.  See <u>Beightler v. County of the Essex County Prosecutor</u>, 2009 U.S. App. LEXIS 18728 (3d Cir. 2009) (attached hereto as Exhibit "B"); <u>Hyatt v. County of Passaic</u>, 2009 U.S. App. LEXIS 15737 (3d Cir. July 16, 2009) (attached hereto as Exhibit "B"); <u>Nugent v. County of Hunterdon</u>, 2010 U.S. Dist. LEXIS 47654 (May 14, 2010)(attached hereto as Exhibit "B")<u>Logan v. New Jersey</u>, 2010 U.S. Dist. LEXIS 13479 (D.N.J. Feb. 17, 2010) (attached hereto as Exhibit "B"); <u>Paez v. Lynch</u>, 2009 U.S. Dist. LEXIS 119342 (D.N.J. Dec. 23, 2009) (attached hereto as Exhibit "B");  <u>Banda v. Burlington Cty</u>, 2006 U.S. Dist. LEXIS 68791 (D.N.J. Sept. 26, 2006) ("The Burlington County Prosecutor's Office and the individual prosecutors, in their official capacities only, are entitled to Eleventh Amendment immunity from this suit")(attached hereto as Exhibit "B"); <u>Davis

9

v. Township of Lakewood, 2005 U.S. Dist. LEXIS 16420 (D.N.J. Aug. 4, 2005) (holding Ocean County Prosecutor's Office to be an alter-ego of the State for Eleventh Amendment purposes)(attached hereto as Exhibit "B"); Watkins v. Attorney General of New Jersey, 2006 U.S. Dist. LEXIS 73075 (D.N.J. Oct. 4, 2006) (holding the Hudson County Prosecutor's Office to be immune from suit under the Eleventh Amendment, and also holding it is not a "person" within the meaning of Section 1983)(attached hereto as Exhibit "B").

The State's broad and well established immunity even extends to suits brought against the State pursuant to 42 U.S.C. § 1983 and/or 1981. Will v. Michigan Dep't of State Police, 491 U.S. 58, 64 (1989). Congress may abrogate a state's Eleventh Amendment immunity for rights protected under the Fourteenth Amendment if there has been "an unequivocal expression of congressional intent to overturn the constitutionally guaranteed immunity of the several states." Pennhurst, 465 U.S. at 99. The United States Supreme Court, however, has specifically held that Congress has not abrogated the immunity for actions under the Civil Rights Act of 1871, of which 42 U.S.C. §§ 1983 and 1981 are a part. Quern v. Jordan, 440 U.S. 332, 340 (1979). Thus, a federal court does not have jurisdiction to entertain a suit brought against the State or the State's agencies and officers under either § 1983 or § 1981.

Plaintiff claims are also based upon the theory of respondeat superior. However, in *Iqbal*, <u>supra</u>, the United States Supreme Court reaffirmed the long standing principal that Governments and its officials cannot be held liable under a theory of respondeat superior. <u>Id.</u> at 1948. Thus, supervisory liability as it relates to a civil rights violation under federal law is not a viable cause of action.

In the instant case, the Plaintiff's claims must be dismissed with prejudiced, based on the long standing precedent demonstrating that the Eleventh Amendment bars such claims against this State entity. Accordingly, the Defendant respectfully requests that this Court grant the instant Motion to Dismiss.

### C.  DEFENDANT IS NOT PERSONS WITHIN THE MEANING OF 42 U.S.C. § 1983

State entities are not subject to suit under Section 1983, as a State and its officers and/or agents are not a "person" within the meaning of the statute. Section 1983 reads, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities

11

> secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other property proceeding for redress.

In interpreting this Section, the United States Supreme Court specifically held that neither a state, a state agency, nor state official acting in their official capacity falls within the definition of "person" as used in Section 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 70-71 (1989).

The Third Circuit Courts have also consistently and repeatedly reaffirmed the Supreme Court's ruling in Will, finding that State agencies and state officials acting in their official capacity are not "persons" within in the meaning of Section 1983. See Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690 (3d Cir. 1996); Fisher v. Cahill, 474 F.2d 991, 992 (3d Cir. 1973) (holding that state agencies may not be sued under Section 1983 because they are not "persons"); Vasquez v. Ferre, 404 F. Supp. 815, 823 (D.N.J. 1975) (citing Monroe v. Pape, 365 U.S. 167, 191 (1961)) (holding that governmental bodies are not "persons" within the meaning of 42 U.S.C. § 1983); Briggs v. Moore, 251 Fed. Appx. 77 (3d Cir. 2007) (holding that the Monmouth County Prosecutor's Office is not a separate entity that can be sued under 1983); McKinney v. Passaic County Prosecutor's Office, 2009 U.S. Dist. LEXIS 53216 (D.N.J. June 24, 2009) (holding that Plaintiff's allegations against the

Prosecutor's Office are not cognizable, since the Defendant is not a "person" within the meaning of Section 1983)(attached hereto as Exhibit "B"); Stackhouse v. City of East Orange, 2008 U.S. Dist. LEXIS 90727 (D.N.J. Nov. 7, 2008)(attached hereto as Exhibit "B").

Accordingly, the Prosecutor is not a "person" within the meaning of the Statute and the motion to dismiss must be granted.

**D.    THE DEFENDANT IS ENTITLED TO PROSECUTORIAL IMMUNITY**

As a general rule of law the Defendant is absolutely immune from suit based on prosecutorial immunity.  A prosecutor's acts that occur in the course of his or her role as advocate for the state entitled to absolute immunity.  Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993).  Prosecutorial immunity is absolute without regard to the legal theory under which civil liability is sought because of "concern that harassment by unfounded litigation" could both "cause a deflection of the prosecutor's energies from his public duties" and lead him to "shade his decisions instead of exercising the independence of judgment required by his public trust."  Van de Kamp v. Goldstein, 129 S. Ct. 855 (2009) (citing Imbler v. Pachtman, 424 U.S. 409, 423 (1976)) (barring suits under 42 U.S.C. § 1983); N.J. Stat. 59:2-

2 (b), 3-3, 3-8 (barring suits brought under state law); Ludwig v. Berks County, 313 Fed. Appx. 479 (3d Cir. 2008).

When faced with a defense of prosecutorial immunity, the Court evaluates the circumstances under a "functional" approach, permitting absolute immunity for actions judicial or "quasi-judicial" acts performed in the course of the Prosecutor's role as State advocate. Odd v. Malone, 538 F.3d 202, 208 (3d Cir. 2008). Absolute immunity applies regardless of the prosecutor's motives. Imbler, 424 U.S. at 409.

Additionally, prosecutorial immunity extends to the prosecutor's supervisors and those who are responsible for training, supervising, and disciplining the prosecutor, where the allegations specifically challenge the prosecutor's discretionary acts. See Van De Kamp v. Goldstein, 129 S. Ct. 855, 861-62 (2009); Whitfield v. City of Philadelphia, 587 F. Supp. 2d 657 (D.N.J. 2008); Carter v. City of Phila., 181 F.3d 339 (3d Cir. 1999).

In the recent Supreme Court decision of Van De Kamp, the Court concluded that a supervisor's or manager's tasks which were directly connected with the prosecutor's advocacy duty were entitled to absolute immunity. Van De Kamp, supra. Specifically, in Van De Kamp, the plaintiff was convicted of murder, but granted habeas corpus where the prosecution did not provide plaintiff's attorney with information regarding a

14

jailhouse informant's favorable treatment. Plaintiff subsequently filed civil charges against the prosecutor's office for failure to train and/or supervise the prosecutor. In extending prosecutorial immunity to the entire prosecutor's office, the Supreme Court stated:

> had [plaintiff] brought a suit directly attacking supervisory prosecutors' action related to an individual trial, instead of one involving administration, all the prosecutors would have enjoyed absolute immunity under Imbler. Their behavior, individually or separately, would have involved "[p]reparation…for…trial," and would have been "intimately associated with the judicial phase of the criminal process." The only difference between Imbler and the hypothetical, i.e., that a supervisor or colleague might be liable instead of the trial prosecutor, is not critical. Given these features, absolute immunity must follow.

Id.

It appears based on Count X, paragraph 62 of plaintiff's Fourth Amended Complaint that plaintiff may be alleging a Constitutional violation based on the prosecution. As such, if in fact plaintiff is making such a claim, the plaintiff's claim against defendant should be dismissed as the defendant is actually immune from suit based on the well established policy of Prosecutorial immunity.

Accordingly, the Plaintiff's claims against Defendant should be dismissed as the Defendant is absolutely immune from

15

suit based on the well established policy of prosecutorial immunity.

IV. **CONCLUSION**

Based on the foregoing, Defendant respectfully requests that this Court grant the instant Motion to Dismiss, dismissing Plaintiff's claims against the Prosecutor.

> Respectfully submitted,
>
> MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN
>
> By: */s/ Matthew J. Behr*
> MATTHEW J. BEHR, ESQ.
> Attorney for Defendant,
> Camden County Prosecutor
> Warren W. Faulk
> Woodland Falls Corporate Park
> 200 Lake Drive East, Suite 300
> Cherry Hill, NJ  08002
> *Phone:  856-414-6048*
> *Fax:  856-414-6077*
> *Email:  mjbehr@mdwcg.com*

DATE:  May 18, 2011

06/2232481.v1

16