UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY - CAMDEN

| | |
|---|---|
| ALANDA FORREST | CIVIL ACTION NO. 1:09-cv-01555-RBK-JS |
| Plaintiff | |
| v. | |
| CITY OF CAMDEN; CITY OF CAMDEN DEPARTMENT OF PUBLIC SAFETY; CAMDEN CITY POLICE OFFICER KEVIN PARRY; CAMDEN CITY POLICE OFFICER JASON STETSER; WARREN FAULK; PAULA DOW; JOHN DOES I-IV; STATE OF NEW JERSEY, DEPARTMENT OF THE TREASURY | |
| | FOURTH AMENDED COMPLAINT AND JURY DEMAND |
| Defendants | |

The Plaintiff, Alanda Forrest, residing at 54A Hopewell Lane, Sicklerville, New Jersey 08081, says by way of Fourth Amended Complaint against the Defendants as follows:

### Jurisdiction

1. As to Defendants, City of Camden, City of Camden Department of Law and Public Safety and Camden City Police Officer Kevin Parry and Camden City Police Officer Jasan Stetser, this action arises under the Act of December 29, 1979, 17Stat.13; U.S.C. Title 42 Section 1983, as hereinafter more fully appears.

**Parties**

2. Based upon information and belief, at all times material hereto, defendant, City of Camden (Camden), is either a governmental entity and/or a local entity and/or an instrumentality for the State of New Jersey which controls, manages and/or is responsible for the actions of the defendant, City of Camden Department of Law and Public Safety and that entities' employees. Camden, at all times material hereto, maintained its local offices at City Hall, Room 105, Camden, NJ 08101.

3. Based upon information and belief, at all times material hereto, defendant, City of Camden Department of Law and Public Safety (CDLPS), is either a governmental entity and/or public entity and/or instrumentality of the City of Camden, New Jersey which employs the police officers who carry out the police duties within the City of Camden and performs all activities and services commonly provided by a police department. At all times material hereto, this defendant was the employer of the police officers and individuals involved in the incident which is more fully described hereinafter and this defendant was responsible for the supervision of said officers. CDLPS, at all times material hereto, maintained its offices either at Haddon Avenue and Federal Streets, Camden, NJ 08103, or at Camden's City Hall address.

4. Based upon information and belief, at all times material hereto, defendants Police Officer Kevin Parry (Parry) and Jasan Stetser (Stetser) were police officers who were responsible for the maintenance and control of public safety within Camden City and likewise responsible for providing services commonly performed by police officers.

5. Warren Faulk is the Camden County Prosecutor. At the time the Camden Police Officers conspired to plant drugs on Plaintiff Alanda Forrest and other individuals, the Camden Police Department was operating under the supervision of the Camden County Prosecutor's office. With proper supervision and institutional control, the Defendants would not have been able to plant drugs on Plaintiff Alanda Forrest and the other individuals in Camden. To that end, Defendant Faulk is not sued as a result of his and his office's prosecutorial work, but rather in his and his office's supervisory role over the Camden Police Department. Defendant Faulk is sued in his official capacity only.

6. Paula Dow is the Attorney General of the State of New Jersey. At the time that the Camden Police Department officers conspired to plant drugs on Plaintiff Alanda Forrest and other individuals, the Camden Police Department was operating under the supervision of the New Jersey Attorney General. With proper supervision and institutional control, the Defendants would not have been able to plant drugs on Plaintiff Alanda Forrest and other individuals in Camden. To that end, Defendant Dow is not sued as a result of her and her office's prosecutorial work, but rather in her and her office's supervisory role over the Camden Police Department. Defendant Dow is sued in her official capacity only.

7. Defendants, John Does I-IV, are fictitious names used to designate as of yet unknown or unidentified parties to this action who are either police officers and/or employees of the defendants, Camden and/or CDLPS. Plaintiff hereby reserves the right to substitute the name or names of the actual party or parties if and when the identities of said individuals are obtained.

8. Defendant State of New Jersey, Department of Treasury, is an official agency, department, and/or subdivision of the State duly authorized to handle the financial affairs of the State including payment of compensation for wrongfully imprisoned persons pursuant to N.J.S.A. 52:4c-1 et seq.

## General Allegations

9. On or about July 1, 2008, defendants Parry and Stetser and the John Doe Defendants acting in their capacity as police officers employed by the defendants Camden and CDLPS.

10. At all times hereto, defendant police officers were there and then within the geographic boundaries of the City of Camden, County of Camden and State of New Jersey and more particularly in the area of 1270 Morton Street, Camden, New Jersey.

11. At or about the time and place aforesaid, plaintiff, Alanda Forrest (Alanda), was lawfully in the area of 1270 Morton Street, Camden, New Jersey, socializing with acquaintances.

13. On information and belief, at that time Stetser and Parry confronted Alanda and Parry punched Alanda in the face knocking Alanda down to the floor and continued to beat on Alanda until he passed out.

14. When Alanda woke up, he was handcuffed and dragged down the steps and placed inside a sergeant's police truck. The sergeant took Alanda to an abandoned building and parked and said to Alanda: "My officers don't plant drugs and you better stop bleeding in my truck". Then the sergeant started laughing.

-4-

15. Defendants Stetser and Parry then arrived in a patty wagon and took Alanda to the hospital to get stitches. Then Alanda was taken to the Police Administration Building where the Defendants Stetser and Parry falsely made a statement that Alanda resisted arrest by going into a "fighting position" and that he had drugs in his possession.

16. The Defendants Parry and Stetser planted drugs on Alanda's person and as a result of the actions of the Defendants Parry and Stetser, Alanda sustained bodily injury and was convicted and sentenced to jail for 3 years and served time in jail from July 1, 2008 to January 6, 2010 when the Plaintiff was released and the conviction vacated.

17. As a result of the aforesaid actions, Plaintiff Alanda suffered financial loss of income and loss of freedom as well as suffering mental anguish and pain and suffering.

## Count 1

### Federal Constitutional Claims vs. Individual Police Officers

18. Plaintiff repeat and incorporate herein the foregoing 17 paragraphs as if the same were set forth herein.

19. The aforesaid actions of the defendants violated rights guaranteed to Alanda under the Constitution of the United States of America as Alanda was illegally assaulted, battered, and incarcerated without probable cause.

20. Additional, in the event that Parry and Stetser and/or the John Doe defendants were attempting to effectuate an arrest, they used unwarranted, unnecessary and/or excessive force.

21. The above actions of Parry and Stetser and/or the John Doe defendants violated the provisions of the Fourth, Fifth and Fourteenth Amendments to the United States Constitution thereby causing the injuries to Alanda.

WHEREFORE, plaintiff, Alanda Forrest, demands Judgment against the defendants, Kevin Parry and Jasan Stetser and/or the John Doe Defendants jointly, severally and/or in the alternative, for damages, both compensatory and punitive together with interest, attorney's fees and costs of suit.

### Count II

### State of New Jersey Constitutional Claims vs. Individual Police Officers

22. Plaintiff repeat and incorporate herein the foregoing 21 paragraphs as if the same were set forth herein.

23. The above actions of Parry and Stetser and/or the John Doe Defendants violated the provisions of the New Jersey Constitution particularly Article 1, paragraph 7, thereby causing the injuries to Alanda.

WHEREFORE, plaintiff, Alanda Forrest, demands Judgment against the defendants, Kevin Parry and Jasan Stetser and/or the John Doe Defendants jointly, severally and/or in the alternative, for damages, both compensatory and punitive together with interest, attorney's fees and costs of suit.

### Count III

### Intentional Tort vs. Individual Police Officers

24. Plaintiff repeats and incorporates herein the foregoing 23 paragraphs as if the same were set forth herein.

25. The foregoing conduct of the defendants Parry and Stetser and/or the John Doe Defendants, was intentional, deliberate and entirely inconsistent with the proper methods of law enforcement.

26. To the extent permissible by law, plaintiff demands punitive damages to deter future conduct of this nature.

WHEREFORE, plaintiff, Alanda Forrest, demands Judgment against the defendants, Kevin Parry and Jasan Stetser and/or the John Doe Defendants jointly, severally and/or in the alternative, for damages, both compensatory and punitive together with interest, attorney's fees and costs of suit.

### Count IV

### Recklessness/gross negligence vs. Individual Police Officers

27. Plaintiffs repeat and incorporate herein the foregoing 26 paragraphs as if the same were set forth herein.

28. The foregoing conduct of the defendants Parry and Stetser and/or John Doe defendants, was reckless and/or grossly negligent and entirely inconsistent with the proper methods of law enforcement.

29. To the extent permissible by law, plaintiff demands punitive damages to deter future conduct of this nature.

WHEREFORE, plaintiff, Alanda Forrest, demands Judgment against the defendants, Kevin Parry and Jasan Stetser and/or the John Doe Defendants jointly, severally and/or in the alternative, for damages, both compensatory and punitive together with interest, attorney's fees and costs of suit.

### Count V

### Negligence vs. Individual Police Officers

30. Plaintiffs repeat and incorporate herein the foregoing 29 paragraphs as if the same were set forth herein.

31. Prior to assaulting Alanda, Defendants Parry and Stetser and/or the John Doe Defendants misunderstood or mis-perceived the nature of Alanda's actions and any threat to safety from those actions.

32. Defendants Parry and Stetser and/or the John Doe Defendants were negligent and/or careless in determining that there was a need to resort to the use of force.

33. Defendants Parry and Stetser and/or the John Doe Defendants did not follow or adhere to the training, instruction and/or supervision they had received as to the necessity for and use of force and, therefore, acted negligently and/or carelessly in the use of such force.

WHEREFORE, plaintiff, Alanda Forrest, demands Judgment against the defendants, Kevin Parry and Jasan Stetser and/or the John Doe Defendants jointly, severally and/or in the alternative, for damages, together with interest, attorney's fees and costs of suit.

## Count VI

### Negligence vs. Camden and/or CDLPS

34. Plaintiffs repeat and incorporate herein the foregoing 33 paragraphs as if the same were set forth herein.

35. Defendants, Camden and/or CDLPS failed to properly train and/or supervise the police officer defendants in the justification for and use of force.

36. Prior to the occurrence complained of, Defendants Camden and/or CDLPS Defendants Camden and/or CDLPS, through their respective agents, servants and/or employees were aware of unjustified violent and/or aggressive actions of some or all of the police officers involved in the occurrence including, without limitation, Parry and Stetser.

37. Defendants Camden and/or CDLPS, through their respective agents, servants and/or employees were further negligent and/or careless in failing to adequately supervise or monitor the actions of police officers who were involved in the incident, including without limitation, Parry and Stetser, and further directing encouraging, tolerating, and/or acquiescing to their unlawful/unconstitutional actions.

WHEREFORE, plaintiff, Alanda Forrest, demands Judgment against the defendants, City of Camden and Camden Department of Law and Public Safety jointly, severally and/or in the alternative, for compensatory damages, and punitive damages together with interest, attorney's fees and costs of suit.

## Count VII

### Civil rights and 1983 Claims vs. Camden and CDLPS

38. Plaintiffs repeat and incorporate herein the foregoing 37 paragraphs as if the same were set forth herein.

39. The supervisory personnel of the Defendants Camden and/or CDLPS were willfully and/or deliberately indifferent to the prior incidents of unjustified violence and/or aggressive behavior of some or all of the police officers involved in the incident complained of and the allegations of planting false evidence upon innocent victims.

40. This indifference became the policy of the Defendants Camden and/or CDLPS as of the date and time of the incident complained of.

41. The aforesaid policy of indifference was a substantial contributing factor to the use of force in the incident complained of and false charges against Alanda leading to his imprisonment.

42. This policy of indifference violated the provisions of 42 U.S.C.A. sec 1983.

43. This policy of indifference further deprived Alanda of the civil rights guaranteed to him under the Constitutions of the United States and the State of New Jersey.

44. The policy of indifference further deprived Alanda of the civil rights guaranteed to him under the Statutory and decisional law of the United States and the State of New Jersey.

WHEREFORE, plaintiff, Alanda Forrest, demands Judgment against the defendants, City of Camden and Camden Department of Law and Public Safety jointly, severally and/or in the alternative, for punitive damages, together with interest, attorney's fees and costs of suit.

## Count VIII

### Conspiracy

45. Plaintiff repeats and incorporates herein the foregoing 44 paragraphs as if the same were set forth herein.

46. Between in or about May 2007 and on or about October 28, 2009, Defendants Kevin Parry and Jasan Stetser and Defendants John Does I-IV at Camden, New Jersey and elsewhere, while acting under the color of the laws of the State of New Jersey, did knowingly and willfully conspire and agree amongst themselves, to injure, oppress, threaten, intimidate or otherwise deprive persons in the State of New Jersey, in the free exercise and enjoyment of rights, privileges and immunities secured or protected by the Constitution and laws of the United States, namely the right not to be deprived of liberty without due process of law, to include the right to be free from unreasonable searches and seizures and to be free from the intentional use of unreasonable force by one acting under color of law. One of the victims of said conspiracy on July 1, 2008 was Plaintiff Alanda Forrest.

47. It was the object of the conspiracy for Defendants Kevin Parry, Jasan Stetser and John Does I-IV to deprive individuals of their due process rights including Plaintiff Alanda Forrest, by the following methods and means:

   a. Planting evidence and charging individuals based upon the planted evidence;

   b. intentionally using unreasonable force to conduct one or more other methods or means of the conspiracy; and

   c. Falsifying police reports and testifying falsely under oath to conceal their actions.

48. It was part of the conspiracy that on or about July 1, 2008, Defendants Kevin Parry and Jasan Stetser unlawfully searched the person of Plaintiff Alanda Forrest and planted drugs on Plaintiff Alanda Forrest and struck Plaintiff Alanda Forrest and arrested Plaintiff Alanda Forrest based upon the planted drugs and the illegal warrantless search. Thereafter, Defendants Kevin Parry and Jasan Stetser authored a police report containing false and misleading facts and statements to conceal their unlawful actions. On September 11, 2008, Defendant Kevin Parry testified falsely under oath before the Camden County Grand Jury in connection with the arrest of Plaintiff Alanda Forrest to further conceal their unlawful actions.

49. The Plaintiff Alanda Forrest was indicted as a result of the conspiracy and the false testimony of Defendant Kevin Parry for possession of a controlled dangerous substance, to wit, cocaine; possession with intent to distribute cocaine, possession with intent to distribute cocaine within 1,000 feet of school property; and attempting to resist arrest.

50. As a result of the aforesaid conspiracy, the Plaintiff Alanda Forrest was incarcerated from July 1, 2008 to January 6, 2010 (555 days or 18 months and 6 days).

51. Defendants Camden and/or CDLPS, through their respective agents, servants and/or employees should have been aware of this conspiracy and put a stop to it prior to January 6, 2010.

52. The Plaintiff Alanda Forrest, suffered damages as a result of being a victim of said conspiracy.

WHEREFORE, Plaintiff Alanda Forrest, demands judgment against the Defendants City of Camden, City of Camden Department of Public Safety; Kevin Parry, Jasan Stetser and John

-12-

Does I-IV, jointly, severally and/or in the alternative for compensation, damages, punitive damages, attorney fees and costs of suit and interest.

### Count IX

### Wrongful Imprisonment

53. Plaintiff hereby incorporates by reference all of the foregoing paragraphs as if the same were set forth herein.

54. Defendants initiated proceedings against Plaintiff, without probably cause, with malice or specific intent to injury and Plaintiff was convicted and sentenced to a term of imprisonment.

55. Plaintiff did not commit the crime for which he was convicted and he did not bring about his conviction through his own actions.

56. Plaintiff served time in prison from July 1, 2008 to January 6, 2010 when Plaintiff was released and his conviction vacated.

57. Pursuant to N.J.S.A. 52:4c-1 et seq., Plaintiff is entitled to monetary damages.

WHEREFORE, Plaintiff Alanda Forrest demands judgment against the State of New Jersey, Department of Treasury for damages pursuant to the statute and reasonable attorney fees, interest and costs of suit.

### Count X

### Unconstitutional Official Policy and Failure to Supervise and Train Against Defendants Warren Faulk and Paula Dow

58. Plaintiff hereby incorporates by reference all of the foregoing paragraphs as if the same were set forth herein.

59. The Defendant Warren Faulk as Camden County Prosecutor and Paula Dow, as Attorney General of the State of New Jersey as persons in charge of the Camden City Police Department failed to ensure through custom, policy and/or practice that detectives, officers, prosecutors and investigators would conduct constitutionally adequate investigations; never fabricate inculpatory evidence; obtain probable cause to ensure that suspects would not be falsely arrested and maliciously prosecuted; to disclose material information favorable to criminal defendants, follow the duties imposed by Brady v. Maryland and refrain from unconstitutional interrogation techniques.

60. The Defendants, Warren Faulk, as Camden County Prosecutor and Paula Dow, as Attorney General of the State of New Jersey, had actual or constructive notice of such failures to train, supervise and provide policy to its employees and failed to provide training or supervision despite an obvious need, that such training and supervision was required, where Defendant knew that it was foreseeable that detectives, officers, prosecutors and investigators would predictably confront these situations and as a result of the failure to train and supervise, constitutional violations would result.

61. The Defendants, Warren Faulk, as Camden County Prosecutor, and Paula Dow, as Attorney General of the State of New Jersey, by and through their policymakers, failed to

adequately supervise, train or discipline their employees, though it was foreseeable that constitutional violation of the type Plaintiff suffered would be a predictable result of such failure.

62. Such failures to supervise, train, discipline and such unconstitutional customs, practices and/or policies, amounted to gross negligence, deliberate or intentional misconduct and were the moving force behind Plaintiff's arrest, prosecution and incarceration and proximately and directly caused the injuries and damages set forth above.

WHEREFORE, Plaintiff Alanda Forrest demands judgment against Defendants, Warren Faulk, as Camden County Prosecutor, and Paula Dow, as Attorney General of the State of New Jersey individually, jointly, severally and/or in the alternative for compensatory damages and punitive damages, together with reasonable attorney fees, interest and costs of suit.

BEGELMAN, ORLOW & MELLETZ

Dated: 12/30/2010          By: _____
                               Paul R. Melletz, Esquire

### Jury Demand

Plaintiff hereby demands a trial by jury as to all issues so triable.

BEGELMAN, ORLOW & MELLETZ

Dated: 12/30/2010            By: _/s/ Paul R. Melletz_
                                  Paul R. Melletz, Esquire

### Designation of Trial Counsel

Paul R. Melletz, Esquire is hereby designated as trial counsel for the Plaintiff in the above matter.

BEGELMAN, ORLOW & MELLETZ

Dated: 12/30/2010            By: _/s/ Paul R. Melletz_
                                  Paul R. Melletz, Esquire