[C.A. No. 11-1315, Docs. No. 138, 142]
[C.A. No. 11-5827, Doc. No. 25]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| IN RE:  CAMDEN POLICE CASES | Master Docket No. 11-1315 (RBK/JS) |
| CITY OF CAMDEN<br><br>            Plaintiff,<br><br>    v.<br><br>STATE NATIONAL<br>INSURANCE COMPANY, et al.,<br><br>            Defendants. | Civ. No. 11-5827 (RBK/JS) |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on movants' motions to intervene in the insurance coverage declaratory judgment action the City of Camden ("Camden") filed against its insurer.[1] For the reasons to be discussed, movants' motions are DENIED.[2]

Background

This litigation concerns the consolidated "Camden Police Cases."[3] Starting in 2009 approximately 68 plaintiffs filed

---

[1] The insurer defendants are State National Insurance Company, Star Insurance Company and Meadowbrook Insurance Group (collectively referred to as "State National").

[2] Camden does not oppose these motions.

[3] Thus far the cases have only been consolidated for the purposes of discovery and case management. C.A. No. 11-1315,

separate complaints against Camden and individual police officers alleging claims under 42 U.S.C. §1983 for the violation of their civil rights. The common thread in the cases is plaintiffs' contention, <u>inter</u> <u>alia</u>, that the police officer defendants falsified their police reports, planted evidence and testified falsely under oath. Plaintiffs allege Camden and its police department acted deliberately indifferent to their rights and facilitated and tolerated the illegal acts of its police officers. Four former police officers have either been convicted or pled guilty to related criminal charges. Most if not all of the 68 plaintiffs were released from jail as a result of the police officers' criminal conduct. One defendant was recently sentenced to ten (10) years in prison. The three other defendants are awaiting sentencing.

After the individual cases were filed Camden filed its complaint against State National. (C.A. No. 11-5837).[4] The case was removed to federal court on October 6, 2011. Camden is seeking a declaratory judgment that State National owes it a defense and/or indemnification for the claims in the Camden Police Cases. State National has denied coverage.

---

Doc. No. 4. Camden's coverage action has been designated as a Camden Police Case. Thus, all discovery, pleadings and motion practice in the 68 individual cases and Camden's coverage action will be shared by all interested parties and counsel.

[4]State National's policies run from October 5, 2004 to July 11, 2010.

The present motion is before the Court on certain plaintiffs' request to intervene in Camden's coverage action.[5] State National opposes the motion. Movants argue they have an important interest in the coverage case because its outcome will determine the extent of the City's available insurance coverage. (Brief of Whitley and Graham ("Brief"), Doc. No. 34 at 2-3). They argue the coverage lawsuit "may determine what funds are available to pay whatever judgments [against Camden] are eventually entered, and practically speaking, what funds are potentially available should the parties be able to forge a settlement prior to trial." Id.[6] In opposition

---

[5] The motion was originally filed by plaintiffs James Anderson, David Bryant, Obie Carmichael, Henry Chavez and Marcus Collins, "individually, and in a representative capacity for similarly situated plaintiffs." See C.A. No. 11-5827, Doc. No. 25. At oral argument it became apparent that the moving parties' motion and advocacy was woefully deficient. Since the moving parties were acting in a representative capacity for a group of approximately 68 plaintiffs, the Court agreed with the plaintiffs' group that the interests of justice demanded they be given another opportunity to brief the relevant issues. The supplemental brief was filed by counsel representing plaintiffs Whitley and Graham. The Court has considered their brief [C.A. No. 11-5827, Doc. No. 34] and State National's response [C.A. No. 11-5827, Doc. No. 35]. The Court exercises its discretion not to conduct any additional oral argument. Fed. R. Civ. P. 78; L. R. Civ. P. 78.1.

[6] At the root of movants' motion is their desire to adopt a coverage position they believe is more favorable to them than the policy interpretation set forth by Camden. Thus, if intervention is permitted it would create the anomalous situation where movants, strangers to Camden's insurance policy, would be urging the Court to adopt their coverage argument rather than that of Camden, the insured. It would also result in a situation where State National would have to defend against different coverage arguments on the same issue.

3

State National argues, inter alia, movants do not satisfy the criteria under Rule 24 to intervene as of right and permissive intervention should be denied. It argues intervention as of right should be denied because the movants' economic or contingent interest in its policies does not support intervention under Rule 24(a)(2). State National also argues movants are "strangers" to its insurance contract and the movants' interests are adequately protected by Camden. State National argues permissive intervention should be denied based on controlling Third Circuit case law, there are no common issues of law or fact, and intervention will delay the proceedings and prejudice the parties.

Discussion

Intervention is a method of joinder, and is governed by Federal Rule of Civil Procedure 24.[7] Movants seek intervention as of right pursuant to Rule 24(a) and permissive intervention pursuant to Rule 24(b). A party may intervene as of right if a federal statute gives him or her an unconditional right to intervene. Rule 24(a)(1). Aside from the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, which does not give movants a right to intervene here, movants do not cite any applicable statute

---

[7]A federal court sitting in diversity must apply federal procedural law. Gasperini v. Cntr. for Humanities, Inc., 518 U.S. 415, 427 (1996); Liberty Mut. Ins. Co. v. Treesdale, Inc. ("Treesdale"), 419 F.3d 216, 228 (3d Cir. 2005) (holding that the Erie Doctrine does not require the application of state procedural law to determine a motion to intervene).

4

giving them a right to intervene.[8] (See Movants' Brief at 1-2, C.A. No. 11-5827, Doc. No. 25). Alternatively, a Court must grant intervention as of right when a prospective intervenor demonstrates:

> 1) a timely application for leave to intervene, 2) a sufficient interest in the underlying litigation, 3) a threat that the interest will be impaired or affected by the disposition of the underlying action, and 4) that the existing parties to the action do not adequately represent the prospective intervenor's interests.

Treesdale, 419 F.3d at 220 (citation omitted); see also Fed. R. Civ. P. 24(a)(2). Although a party seeking intervention must meet all four requirements, "a very strong showing that one of the requirements is met may result in a lesser showing of another requirement." Harris v. Pernsley, 820 F.2d 592, 596 n. 6 (3d. Cir. 1987); Gen. Star Indem. Co. v. Virgin Islands Port Auth., 224 F.R.D. 372, 375 n.4 (D.V.I. 2004).

Movants' are foreclosed from intervention as of right by the Third Circuit's controlling decision in Treesdale, supra. Accord State Farm Fire and Cas. Co. v. Vanaman, Civ. No. 10-1565(JHR), 2012 WL 959421 (D.N.J. March 20, 2012); Guardian Life Ins. Co. of America v. Estate of Joseph A. Cerniglia, Civ. No. 10-5597(WHW), 2011 WL 1253955 (D.N.J. March 28, 2011). In Treesdale, the plaintiffs sued a manufacturer, PMP, for injuries allegedly sustained in connection with exposure to asbestos-containing

---

[8] For the same reason, the Court does not consider whether movants may intervene pursuant to a conditional statutory right. See Rule 24(b)(1)(A).

5

products.  In a separate action, the manufacturer's insurer, Liberty Mutual, sought a declaratory judgment against PMP, arguing it had no further duty to indemnify PMP.  The plaintiffs in the asbestos action sought to intervene in PMP's declaratory judgment action, claiming the court's decision could affect their ultimate right to recovery.  Affirming the district court's denial of the motion to intervene, the Third Circuit concluded that the plaintiffs' interest in the disputed insurance policies was insufficient to circumvent the general rule that "a mere economic interest in the outcome of litigation is insufficient to support a motion to intervene."  Id. at 220-21 (quoting Mountain Top Condo. Ass'n. v. Dave Stabbert Master Builder, Inc. ("Mountain Top"), 72 F.3d 361, 366 (3d Cir. 1995)). Like this case, the asbestos plaintiffs argued the potential recovery for their injuries could be impacted or eliminated because of the ruling in the related coverage case.  Nevertheless, the Court denied intervention. Summarizing its ruling, the Third Circuit stated:

> Appellants here have no property interest in the Liberty Mutual UEL policies nor do they have any other legally protectable interest in the policies.  Rather, they have the kind of economic interest in the insurance proceeds that we have held does not support intervention as a matter of right.

419 F.3d at 222.  See also Mountain Top, 72 F.3d at 366 (observing that denial of motion to intervene would be appropriate if appellants' only interest were to ensure the availability of funds to pay for a possible judgment in their favor). Accordingly, the

Court finds that movants do not demonstrate a sufficient interest in the underlying litigation to assert a right to intervene.

Movants argue they satisfy Rule 24(a) because they "are persons who have an interest in the interpretation of the insurance contracts between [Camden] and its insurers." (Movants' Brief at 3). Movants further argue they satisfy Rule 24(a)(2) because "the rights and remedies they assert in their underlying claims will be affected by any determination made by the Court in the instant matter." Id.[9] However, the Third Circuit rejected these arguments. See 419 F.3d at 224.

Movants cite to Mountain Top, supra, to support their argument that their economic interest in the outcome of Camden's coverage case gives them a sufficient interest to warrant intervention as of right. Movants' argument is unavailing because Mountain Top is plainly distinguishable from this case. As noted in Treesdale, although Mountain Top held that a plaintiff may intervene in a coverage action between an insured and its insurer, this only occurs if the action involves a specific fund created for the benefit of the plaintiff. 419 F.3d at 221-23. No such fund was created for the movants in this instance. Similar to Treesdale,

---

[9]Movants reassert this argument in their supplemental brief. See Supplementary Brief in Support of Plaintiffs' Motion at 2-3, C.A. No. 5827, Doc. No. 152 ("Movants' Supp. Brief") ("This suit may determine what funds are available to pay whatever judgment are eventually entered, and practically speaking, what funds are potentially available should the parties be able to forge a settlement prior to trial.").

movants "cite no controlling authority to support their argument that plaintiffs who have asserted tort claims against the insured can intervene as of right in an insurance coverage declaratory action between the insured and its insurer." Id. at 223.

Even if the Court were to find that a contingent financial interest in the outcome of Camden's declaratory judgment action constituted a sufficient interest in the underlying litigation to satisfy Rule 24(a), intervention as of right would still be denied because movants cannot demonstrate that Camden is not adequately representing its interests. "The most important factor in determining adequacy of representation is how the interest of the absentee compares with the interest of the present parties. If the interest of the absentee is not represented at all, or if all existing parties are adverse to him, then he is not adequately represented." Gen. Star Indem. Co., 224 F.R.D. at 376 (quoting Mountain Top Condo. Assoc., 72 F.3d at 368). Movants concede they and Camden share a "similarity of interests in seeking a declaration that the insurers must indemnify." (Movants' Brief at 3). However, they argue that Camden's coverage strategy in the declaratory judgment action may be adverse to their position in the underlying litigation. (Movants' Supp. Brief at 5). While the city's ultimate interests in the Camden Police Cases may be "directly and materially adverse to those of the proposed Interveners (sic)" (Movants' Brief at 3), those conflicting

interests are not at play in the coverage action movants seek to join.  See Gen. Star Indem. Co., 224 F.R.D. at 377 (noting "identical" interests where proposed intervenors and insured both sought to ensure coverage for intervenors' claimed losses).  Camden and plaintiffs share the same interest in maximizing Camden's available insurance coverage.  Thus, since movants' interests in Camden's coverage action are adequately protected, movants may not intervene as of right.

In the absence of a showing of adverse interests in Camden's declaratory judgment action, movants must make "a concrete showing of circumstances in the particular case that make the representation inadequate." Id. (citation omitted).  Although the Third Circuit recognizes the right to intervene where an insured is insolvent and cannot defend a declaratory judgment action adequately, which is not applicable here, the ability of an insured to hire counsel and to participate actively in a declaratory judgment action is sufficient evidence of its ability to adequately represent the interests of a proposed intervenor.  Treesdale, 419 F.3d at 226.  Accordingly, the Court concludes that Camden's ability to hire counsel and to participate actively in its declaratory judgment action is sufficient to demonstrate adequate representation of movants' interests.  Intervention as of right pursuant Rule 24(a)(2) is, therefore, denied.

In addition to seeking intervention as of right, movants seek

9

permissive intervention. See Rule 24(b). In relevant part, Rule 24(b) permits a party to intervene by demonstrating 1) a timely application for intervention, and 2) that the party's claim or defense shares a common question of law or fact with the underlying action. See Rule 24(b)(1)(B). "Whether to allow a party to permissively intervene is left to the sound discretion of the Court." Worthington v. Bayer Healthcare, LLC, Civ. No. 11-2793(ES)(CLW), 2011 WL 6303999, at *8 (D.N.J. Dec. 15, 2011) (citation omitted). "The purpose of permissive intervention is to avoid a multiplicity of suits by settling related controversies in a single action." Wolf by Wolf v. Procter & Gamble, Co., 555 F. Supp. 613, 627-28 (D.N.J. 1982). When reviewing a request for permissive intervention, the court must also consider whether permissive intervention would "unduly delay or prejudice the adjudication of the rights of the original parties." Pansy v. Borough of Stroudsburg, 23 F.3d 772, 779 n.6 (3d Cir. 1994) (quoting Rule 24(b)(3)).

Movants' permissive intervention request is also foreclosed by Treesdale. In Treesdale the Third Circuit held that a contingent financial interest in the outcome of an indemnification action is insufficient to demonstrate a common question of law or fact supporting permissive intervention under Rule 24(b). See 419 F.3d at 227-28. Movants argue Treesdale is distinguishable. They argue their claims share a common question of law or fact with Camden's

10

declaratory judgment complaint, e.g., whether the alleged incidents at issue represent one incident or multiple occurrences. (Movants' Supp. Brief at 7). Movants' argument is misguided. Treesdale makes it clear that Camden's coverage action has nothing to do with whether Camden violated the movant's constitutional rights. Id. at 227-28.[10] "Where a proposed intervenor has only a contingent financial interest in a declaratory judgment action to establish insurance coverage, he/she cannot accurately claim that there are common questions of law or fact between the coverage dispute and actions to determine liability for injuries [the insured] may have caused. Id. at 228.[11]

In sum, the Court concludes that movants may not intervene in defendants' declaratory judgment action pursuant to Rule 24. Movants' interest in maximizing Camden's insurance coverage does not create a sufficient interest to support intervention as of right. Also, since Camden and the movants share the same interest

---

[10] In fact, the Third Circuit wrote, "this argument warrants little discussion or analysis. The declaratory judgment action turns on the interpretation of the contracts of insurance.... It has nothing to do with whether PMP caused asbestos-related bodily injuries...." Id.

[11] The Court also denies permissive intervention because of the unnecessary complexity it will interject into Camden's coverage action. The presence of non-Camden parties will likely result in further management problems in an already complex case. This includes, but is not limited to, the fact that if the movants intervene State National may have to defend against inconsistent coverage arguments. This is unnecessary since Camden and the movants share the same interest in maximizing Camden's coverage.

11

in maximizing Camden's insurance coverage, movant's interests are adequately protected. Movants' contingent financial interest in Camden's insurance policies is also insufficient to create a common question of law or fact supporting permissive intervention. Furthermore, while permissive intervention would do little to expedite plaintiffs' consolidated cases, it would significantly complicate Camden's declaratory judgment action and would result in undue confusion and prejudice.

Conclusion

According, for all the foregoing reasons,

IT IS HEREBY ORDERED this 24th day of September, 2012, that movants' Motions to Intervene [C.A. 11-1315, Docs. No. 138, 142; C.A. No. 11-5827, Doc. No. 25] are DENIED.[12]

                                              s/Joel Schneider
                                              JOEL SCHNEIDER
                                              United States Magistrate Judge

---

[12] Movants' motion also requested that the Camden County Prosecutor's Office be jointed as a "discovery defendant." The request is denied as N.J.R. 4:11-1 is not applicable to cases pending in federal court.