Stanley O. King, Esquire
Sharon A. King, Esquire
KING & KING, LLC
231 S. Broad Street
Woodbury, NJ 08096
856-845-3001
856-845-3079 (fax)
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **IN RE: CAMDEN POLICE CASES** | : | **HON. ROBERT B. KUGLER, U.S.D.J.** |
| | : | |
| | : | **Master Docket No. 11cv1315 (RBK/JS)** |
| | : | |
| JOSEPH JACKSON, | : | |
| | : | |
| Plaintiff, | : | Civil Action No.: 10-6188 (RBK-JS) |
| | : | |
| v. | : | |
| | : | |
| CITY OF CAMDEN, *et al.* | : | |
| | : | |
| Defendants. | : | |
| JOSE A. VEGA, | : | |
| | : | |
| Plaintiff, | : | Civil Action No.: 10-6294 (RBK-JS) |
| | : | |
| v. | : | |
| | : | |
| CITY OF CAMDEN, *et al.* | : | |
| | : | |
| Defendants. | : | |
| JERMAINE LOWBER, | : | |
| | : | |
| Plaintiff, | : | Civil Action No.: 11-327 (RBK-JS) |
| | : | |
| v. | : | |
| | : | |
| CITY OF CAMDEN, *et al.* | : | **BRIEF IN SUPPORT OF** |
| | : | **MOTION FOR REASONABLE** |
| | : | **ATTORNEY'S FEES** |
| Defendants. | : | |

## STATEMENT OF FACTS

Plaintiffs rely on the certifications of counsel, Joseph Jackson ("Jackson"), Jose Vega ("Vega") and Jermaine Lowber ("Lowber") in lieu of a formal statement of facts.

## LEGAL ARGUMENTS

I. ***Attorney's fees in the amount of $97,001.99 ($42,694.19 from individual clients + 54,307.80 from Joint Fund) is reasonable in light of the variety and complexities of the issues, the hours worked, the risk associated with this litigation, the work undertaken by counsel, the skill of the attorneys involved and the results achieved.***

Counsel for Plaintiffs Jackson, Vega and Lowber entered into a contingency agreement with each plaintiff consistent with *New Jersey Court Rule* 1:21-7(c). Pursuant to this agreement, fees on the first $500,000.00 recovered are limited to 33⅓ percent. The agreement also allows for additional fees pursuant to *R.* 1:21-7(f). This rule provides: "[i]f at the conclusion of a matter an attorney considers the fee permitted by paragraph (c) to be inadequate, an application on written notice to the client may be made to the Assignment Judge for the hearing and determining of a reasonable fee in light of the circumstances." *Rule* 1:21-7(f). The three plaintiffs represented by counsel recovered a gross total of $130,892.98. Counsel fees from all three plaintiffs pursuant to their agreements, total $42,694.19, excluding reimbursement of litigation expenses. Here, counsel for Plaintiffs seeks an award of additional fees of $54,307.80 stemming from services performed on behalf of all plaintiffs in the consolidated cases.

Pursuant to *Rule* 1:21-7(f), the court must consider all of the circumstances in making a reasonable fee determination. *King v. County of Gloucester,* 483 F. Supp. 2d 396, 398 (2007) citing *Ehrlich v. Kids of North Jersey, Inc., et al., 338 N.J. Super 442, 446, 769 A.2d 1081 (2001).* The court may be guided by *R.P.C. 1.5,* which identifies factors to be considered in determining the reasonableness of the fee. These factors include:

(1)     the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2)     the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(3)     the fee customarily charged in the locality for similar legal services;

(4)     the amount involved and the results obtained;

(5)     the time limitations imposed by the client or by the circumstances;

(6)     the nature and length of the professional relationship with the client;

(7)     the experience, reputation, and the ability of the lawyer or lawyers performing the services;

(8)     whether the fee is fixed or contingent.

*R.P.C.* 1.5.  The court should also give particular consideration to two factors when determining the reasonableness of fee: "whether the case presented problems which required exceptional skills beyond that normally encountered in such cases or the case was unusually time consuming." *King* <u>citing</u> *Wurtzel, 201 N.J. Super at 549*; *Mitzel v. Westinghouse Elec. Corp., 72 F.3d 414, 418 (3d Cir. 1995)*.  Here, both factors are satisfied.

### *The case presented problems which required exceptional skills.*

While *Rule* 1:21-7(c) specifically addresses damages based upon the "tortious" conduct of others, the damages sought in this case stemmed primarily from allegations of civil rights violations.  The issues therefore, were not simply those of negligence.  Rather, they were more complex constitutional issues involving rights afforded to the plaintiffs under the constitutions of the United States and the State of New Jersey.  Plaintiffs' counsel had the requisite skills to handle the particular litigation as their practice specializes in civil rights litigation, particularly police misconduct.  Counsel have obtained substantial recoveries for their clients in civil rights cases, including two multi-million dollar settlements.

Aside from the inherent complexities of civil rights litigation, this case also presented challenges based upon the consolidation of 88 cases, the inability of the primary defendant—the City of Camden—to adequately compensate the multiple plaintiffs in this case, the dispute of insurance coverage, unavailability of indemnification of the defendant-officers and concurrent criminal prosecutions of the defendant officers. Along with a few other attorneys actively involved in the prosecution of these cases, counsel contributed substantially to efforts to streamline the prosecution and the settlement of these cases. Such efforts included participation in motion practice on behalf of the group, leading and/or otherwise participating in depositions taken on behalf of the group, participation in written discovery, including discovery to third-party witnesses and participation in settlement activities.

### *The case was unusually time consuming.*

This case involved the consolidation of 88 related cases for discovery purposes. Consequently, it was time consuming. At one point, depositions were fast-paced—occurring weekly. Counsel participated in many of these depositions. Along with other attorneys active in the prosecution of this case, extensive time was also spent planning and coordinating discovery efforts, engaging in settlement endeavors, and ultimately settlement protocol. Numerous motions were also filed by or against the plaintiffs. Counsel participated in many of these motions.

Counsel is seeking compensation for 226 hours expended on behalf of all plaintiffs. For purposes of this motion only, counsel is also seeking approval of an hourly rate of $240.30. This rate is derived from funds set aside for these fees ($321,593.44) divided by total hours of 1,338.30. This rate is less than counsel's current customary hourly rate of $400.00. In light of these and the circumstances described in Counsel's certification, an award of attorney's fees in the amount of $97,001.99 is reasonable. This amount represents fees of (a) $42,694.19

4

constituting one-third of the joint recoveries of Jackson, Vega and Lowber, and (b) $54,307.80 for services performed for the joint benefit of all plaintiffs.

## CONCLUSION

For the foregoing reasons, the Motion for Reasonable Attorney's Fees should be granted.

Respectfully submitted,

/s/ *Sharon A. King*
Sharon A. King

Dated: January 25, 2013